James E. Mercante (JM 4231)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, New York 10017
212-953-2381
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEFFREY ROSE, C.E. MICHAEL BAYLEY,
JOHN GULLIVER, and SELWYN ALLEYNE,
FOR THEMSELVES AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED AND ENTITLED,

        Docket No.
        07 CV 6987 (LLS)

        Plaintiffs,

        **ANSWER**

- against -

M/V "BRANDON C. ROEHRIG", her engines, tackle,
boiler, etc., *in rem*, TUG BRANDON C. ROEHRIG LLC,
and ROEHRIG MARITIME LLC, *in personam*.

        ECF Case

        Defendants.
-------------------------------------------------------------------X

      Defendants, by their attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for their answer, allege upon information and belief, as follows:

      1.    Paragraph "1" of the complaint contains a question of law to which no response is required, however, to the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the complaint.

      2.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the complaint.

      3.    Defendants admit M/V "BRANDON C. ROEHRIG" was owned by TUG

BRANDON C. ROEHRIG LLC and operated by ROEHRIG MARITIME LLC, however, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "3" of the complaint.

4. Defendants admit TUG BRANDON C. ROEHRIG LLC and ROEHRIG MARITIME LLC are domestic limited liability companies with an address at One School Street, Suite 202, Glen Cove, New York 11542, however, deny knowledge or information sufficient to form a belief as to remaining allegations contained in paragraph "4" of the complaint.

5. Defendants deny the allegations contained in paragraph "5" of the complaint.

6. Defendants deny the allegations contained in paragraph "6" of the complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of the complaint.

8. Defendants deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of the complaint.

10. Defendants deny the allegations contained in paragraph "10" of the complaint.

11. Defendants deny the allegations contained in paragraph "11" of the complaint.

12. Defendants admit the tug is in service, denies the tug was saved by plaintiffs, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph "12" of the complaint.

13. Defendants deny the allegations contained in paragraph "13" of the complaint.

14. Defendants deny the allegations contained in paragraph "14" of the complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of the complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of the complaint.

17. Defendants deny the allegations contained in paragraphs "17" of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19. Insufficiency of process and service of process.

### THIRD AFFIRMATIVE DEFENSE

20. No salvage service was rendered and plaintiffs are not entitled to a salvage award.

### FOURTH AFFIRMATIVE DEFENSE

21. Time bar, laches and/or other limitation of actions.

### FIFTH AFFIRMATIVE DEFENSE

21. Defendants claim the benefit of all contractual and/or statutory limitations of liability, including the Limitation of Liability Act of 1851, 46 U.S.C. § 181 *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

22. The complaint fails to state a cause of action.

WHEREFORE, defendants, demands judgment against plaintiffs as follows:

    a. Judgment dismissing the complaint, plus costs and disbursements to

defendants; and

b. For such other and further relief as this court deems just and proper under the circumstances.

Dated: New York, New York
August 15, 2007

                                    RUBIN, FIORELLA & FRIEDMAN LLP
                                    Attorneys for Defendants

                                    By: _____
                                         James E. Mercante (JM 4231)
                                    292 Madison Avenue
                                    New York, New York 10017
                                    212-953-2381
                                    212-953-2462 (fax)
                                    jmercante@rubinfiorella.com

TO: Charles T. Murphy, Esq. (CM 2125
      Patrick F. Lennon, Esq. (PL 2162)
      LENNON, MURPHY & LENNON, LLC
      Attorneys for Plaintiffs
      The GrayBar Building
      420 Lexington Ave., Suite 300
      New York, New York 10170